IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MANUEL PEREZ | : | NO. 03-487-05 |

**MEMORANDUM**

**Padova, J.**                                                                                                                              **August 11, 2009**

Defendant Manuel Perez has filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," seeking to reduce his sentence on account of the crack cocaine amendments. For the following reasons, we deny the Motion.

On February 14, 2004, a jury convicted Perez of one count of conspiracy to distribute in excess of 50 grams of cocaine base ("crack"), in violation of 21 U.S.C. § 846; four counts of possession of in excess of 5 grams of crack with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); four counts of possession of in excess of 5 grams of crack with intent to distribute, within 1000 feet of a public school, in violation of 21 U.S.C. § 860 (a); four counts of possession of a mixture or substance containing a detectable amount of crack with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and four counts of possession of a mixture or substance containing a detectable amount of crack with intent to distribute, within 1000 feet of a public school, in violation of 21 U.S.C. § 860(a).

We sentenced Perez on March 23, 2006. Under the then-applicable United States Sentencing Guidelines, the quantity of cocaine base involved in the offense, i.e., between 1.5 kg and 4.5 kg, resulted in a base offense level of 38. U.S.S.G. § 2D1.1(e)(1). Perez's base offense level was adjusted upward by two levels because the transactions occurred within 1,000 feet of a school, by an additional two levels for possession of a firearm in the course of the conspiracy, and by 4 more

levels for his role as an organizer and leader. U.S.S.G. §§ 2D1.2(a)(1), 2D1.1(b)(1), 3B1.1(a). As a result, Perez's total offense level was 46. With a criminal history category of II, Perez's Guidelines range was life imprisonment. U.S.S.G. Ch. 5, Pt. A. Upon consideration of the § 3553 factors, we varied downward from the Guidelines range and imposed a sentence of 200 months' imprisonment.

Perez now asks us to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Amendment 706 to the Sentencing Guidelines reduced the base offense level for most cocaine base offenses, and the Sentencing Commission has determined that this Amendment may be applied retroactively. See U.S.S.G. § 1B1.10(c).

In Perez's case, application of Amendment 706 reduces his base offense level to a 36. However, with the offense level enhancements for his role as an organizer or leader, possession of a firearm, and possession near a school, Perez's total offense level upon application of Amendment 706 is 44, which, just like his prior total offense level of 46, produces a Guidelines range of life imprisonment. In spite of the fact that his final Guidelines range is unchanged, Perez argues that 18 U.S.C. § 3582(c)(2) empowers us to grant him a sentence reduction, because his sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," insofar as the Guidelines range associated with his base offense level was lowered by the crack cocaine

amendments, i.e., his base offense level was reduced from 38 to 36.

However, the Third Circuit has stated that the statutory language in § 3582(c)(2) is "clear and unambiguous: '[t]he term sentencing range clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus.'" United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009) (quoting United States v. Carabello, 552 F.3d 6, 10 (1st Cir. 2008)). "[P]ursuant to the statute, 'if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute.'" Id. (citing Carabello, 552 F.3d at 10); see also United States v. Spells, 322 Fed. App'x 171, 173 (3d Cir. 2009) (rejecting argument that reduction in base offense level gave district court authority to reduce sentence when there was no change in the applicable sentencing range). In the instant case, the "end result of the overall guideline calculus" and the "sentencing range actually used at sentencing" was life imprisonment. Mateo, 560 F.3d at 155. As application of Amendment 706 does not lower that sentencing range, Perez may not seek a reduction in sentence under § 3582(c)(2).

We find further support for this conclusion in the policy statement of the Sentencing Commission. U.S.S.G. § 1B1.10 provides, in part, that: "A reduction in the defendant's term of imprisonment is not . . . authorized under 18 U.S.C. § 3582(c)(2) if – . . . [application of the applicable amendment to the Guidelines] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). In this case, Perez's "applicable guideline range" was originally life imprisonment, and it remains life imprisonment, so that the policy statement dictates that no reduction in his term of imprisonment is statutorily authorized. Perez argues that this policy statement is not binding on us in light of the United States Supreme Court's

3

decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are advisory for purposes of original sentencing proceedings. However, the United States Court of Appeals for the Third Circuit recently addressed the very same argument in <u>United States v. Doe</u>, 564 F.3d 305 (3d Cir. 2009), and concluded that it had no merit. <u>Id.</u> at 312-14. Thus, we find that we are bound by the Sentencing Commission's policy statement, just as we are bound by the statute itself, and the policy statement further supports our conclusion that no reduction is authorized in this case.

In sum, Perez's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]" 18 U.S.C. § 3582(c)(2), and, thus, he is not eligible for a reduction in sentence under the circumstances presented. Accordingly, Defendant's Motion for Sentence Reduction is denied.

An appropriate Order follows.

                                            BY THE COURT:

                                            /s/ John R. Padova, J.
                                            _____
                                            John R. Padova, J.